IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR ST. LUCIE COUNTY, FLORIDA

NICHOLAS WRIGHT,

    Plaintiff,

v.

THE LOBSTER TAIL LLC., d/b/a RHUMCAY
BEACH RESORT AND ISLAND GRILLE,
a Florida Limited Liability Company,

    Defendant.
_____/

CASE NO.: 562019CA001112AXXXHC

Judge Barbara Bronis

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, NICHOLAS WRIGHT ("Mr. Wright" or "Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendant, THE LOBSTER TAIL LLC. d/b/a RHUMCAY BEACH RESORT AND ISLAND GRILLE, ("the Company" or "Defendant"), a Florida Limited Liability Corporation, and states as follows:

### JURISDICTION, PARTIES, AND VENUE

1. Jurisdiction in this Court is proper as these claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201 hereinafter called the "FLSA") to recover: overtime wages, an additional equal amount as liquidated damages, and other relief permitted by the FLSA, and reasonable attorney's fees and costs.

2. This Court also has jurisdiction over Plaintiff's state court Breach of Contract claims as they arise under Florida state law.

3. Venue is proper as Plaintiff worked for Defendant in St. Lucie County, Florida, Defendant operates its business in St. Lucie County, Florida, and the actions

giving rise to these claims arose in St. Lucie County, Florida.

4.     Plaintiff is seeking in excess of $15,000.00, exclusive of attorneys' fees and costs.

### FLSA COVERAGE

5.     At all times material hereto, Defendant was a covered enterprise covered by the FLSA and as defined by 29 U.S.C. §§ 203(r) and 203(s).

6.     At all times material hereto, Defendant was, and continue to be an "enterprise engaged in commerce" or in the production of goods for commerce within the meaning of § 3(s)(1) of the Act, in that, said enterprise has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

7.     Based upon information and belief, the annual and gross revenue of Defendant was in excess of $500,000.00 per annum during all times relevant.

8.     At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

9.     At all times material hereto, Plaintiff was individually "engaged in commerce."

10.    At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

**STATEMENT OF FACTS**

11. Plaintiff was hired by Defendant as an On-Site Property Manager to manage and operate Defendant's resort.

12. Prior to commencing employment, Defendant offered Plaintiff a $1,000.00 per week salary for a forty (40) hour work week.

13. Plaintiff accepted Defendant's offer, and, in consideration of same, commenced work on Defendant's behalf, travelling from New York to Florida to begin same.

14. The allegations in Paragraphs 11-13 above demonstrate that Plaintiff and Defendant entered into a legally enforceable oral Contract/Agreement, ("the Agreement") under Florida law.

15. Plaintiff worked for Defendant from December 17, 2018, through April 18, 2019.

16. Defendant failed to pay Plaintiff the agreed upon salary throughout his entire employment.

17. Additionally, during each week of his employment, Plaintiff worked for Defendant in excess of forty (40) hours per week.

18. During all times relevant, Defendant failed to pay Plaintiff the applicable overtime wage for all hours worked in excess of forty (40) hours per week.

19. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA.

3

20. Plaintiff worked approximately one-hundred and twenty (120) hours per week for Defendant.

21. Defendant has violated Title 29 U.S.C. §§ 206 and 207 throughout Plaintiff's employment in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

    b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

    c. Defendant failed to maintain proper time records as mandated by the FLSA.

22. Plaintiff has retained the law firm of CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

23. As to Plaintiff's Breach of Contract claims, Defendant failed and/or refused to compensate Plaintiff his agreed upon salary under the Agreement.

24. Defendant's conduct in this regard breached the Agreement between the parties.

25. Despite demands by Plaintiff to date, Defendant has failed and/or refused to pay Plaintiff his contractually agreed upon wages due and owing.

4

26. Plaintiff has been damaged as a result of Defendant's breach, in the form of lost wages and remuneration.

27. The damages Plaintiff is seeking, based on Defendant's breach of the Agreement, are wages pursuant to Section 448, Florida Statutes.

28. Plaintiff is entitled to unpaid wages, interest, and attorneys' fees and costs pursuant to Section 448.08, Florida Statutes.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

29. Plaintiff re-alleges and reavers paragraphs 1-22 of the Complaint, as if fully set forth herein.

30. During his employment, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

31. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

32. At all times material hereto, Defendants failed and continues to fail to maintain proper time records as mandated by the FLSA.

33. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is

due.

34. Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

35. Prior to the filing of this lawsuit, Defendant failed to consult with the Department of Labor to determine whether Plaintiff's pay structure and job duties rendered him exempt under the FLSA.

36. Prior to the filing of this lawsuit, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

37. Prior to the filing of this lawsuit, Defendant failed to consult with labor counsel to determine whether Plaintiff's pay structure and job duties rendered him exempt under the FLSA.

38. Based on the allegations in Paragraphs 35-37 above, Plaintiff is entitled to liquidated damages as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

39. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

40. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**WHEREFORE,** Plaintiff respectfully requests that judgement be entered in his favor against Defendant:

    a.    Declaring, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b.    Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

    c.    Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    d.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e.    Awarding Plaintiff pre-judgment interest; and

    f.    Ordering any other further relief, the Court deems just and proper.

## COUNT II
## BREACH OF ORAL CONTRACT

41.    Plaintiff reallges and reavers Paragraphs 2-4, 11-16, and 23-28 of the Complaint, as if fully set forth herein.

42.    Plaintiff and Defendant entered into the Agreement on or about December 15, 2018.

43. Defendant offered Plaintiff the compensation described in Paragraph 12, above.

44. Plaintiff accepted Defendant's offer described in Paragraph 13-14.

45. In consideration of Defendant's offer and Plaintiff's acceptance of same, Plaintiff commenced and performed work on Defendant's behalf.

46. Defendant failed to pay Plaintiff the agreed upon wages and other remuneration pursuant to the Agreement, resulting in a breach of the Agreement.

47. Plaintiff has been damaged due to Defendant's breach of the Agreement in the form of lost wages and other remuneration.

48. Pursuant to Section 448.08, Florida Statutes, Plaintiff is entitled to costs of this action and reasonable attorneys' fees, as he is seeking unpaid wages to which he is entitled.

**WHEREFORE**, Plaintiff requests a judgement in his favor and against Defendant for his contractually entitled pay pursuant to the Agreement, declaratory and injunctive relief, payment of his costs and attorneys' fees pursuant to Section 448.08, Florida Statutes, and such other relief deemed proper by this Court.

**Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.**

Dated: June 5, 2019,

                                  Respectfully submitted,

By: **/s/ NOAH E. STORCH**
Noah E. Storch, Esquire
Florida Bar No. 0085476
Robert Pecchio, Esq.
Florida Bar No. 1005955
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com
E-mail: robert@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*